**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cr-00033-TWP-KMB |
| | ) | |
| ARRINGTON WRIGHT | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DETERMINING COMPETENCY**
**FOLLOWING RESTORATION SERVICES**

This matter is before the Court to determine whether competency has been restored, pursuant to 18 U.S.C.§ 4241(e), such that Defendant Arrington Wright ("Mr. Wright") is able to assist in his defense and rationally understand his legal situation so that he can proceed to trial. On August 14, 2024, the Acting Warden of the Federal Bureau of Prisons, Federal Medical Center Butner, North Carolina ("FMC Butner"), certified an opinion that Mr. Wright has recovered to the extent that he is presently competent to stand trial (Filing No. 51). On September 11, 2026 a hearing was conducted pursuant to the requirements of 18 U.S.C. § 4247(d) to determine Mr. Wright's competency. The Court now issues its findings of fact and conclusions of law in support of its determination that Mr. Wright's competency is restored and he is **presently competent to proceed**.

## I. PROCEDURAL BACKGROUND

On February 25, 2025, Mr. Wright was indicted by a federal grand jury on one count of possession of a firearm by a convicted felon (Filing No. 1). On June 24, 2025, Mr. Wright's counsel filed a Motion to Determine Mental Competency of Defendant, asserting that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense (Filing No. 28). Counsel stated that the defense team had amassed and reviewed records relating to Mr. Wright, and after meeting several times with him in person and by video, became aware of Mr. Wright's significant mental health issues. *Id.*

The Court ordered a competency evaluation pursuant to 18 U.S.C.§ 4241(b), requesting the evaluation and opinion as to whether Mr. Wright is suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist counsel properly in his defense (Filing No. 29; Filing No. 30). Mr. Wright was designated to Metropolitan Correctional Center in Chicago, Illinois, on July 3, 2025, and arrived at the institution on July 25, 2025. In accordance with the Court's order, Forensic Psychologist Kaitlin Nelson, PhD ("Dr Nelson"), conducted the forensic evaluation, and her report dated September 22, 2025, is docketed under seal (Filing No. 36). Dr. Nelson opined that Mr. Wright was not presently competent to stand trial. *Id.*

A hearing was held in accordance with 18 U.S.C. § 4241(d)(1), and the Court found by a preponderance of the evidence that Mr. Wright was then suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the proceedings and assist properly in his defense (Filing No. 40). Accordingly, Mr. Wright was committed to the custody of the U.S. Attorney General or his designee for treatment in a suitable facility for a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. *Id.* at 7.

On August 12, 2026, A. Posthumus, Acting Warden of FMC Butner, certified to the Court an opinion that Mr. Wright's competency was restored (Filing No. 51). As required by statute, on

September 11, 2026 an evidentiary hearing pursuant to 18 U.S.C.§ 4241(e), was held to determine whether following restoration services, Mr. Wright is presently competent to proceed with trial. The Court issues its findings of fact and conclusions of law and determines that Mr. Wright is competent to proceed.

## II. FINDINGS OF FACT

During the restoration study period, Mr. Wright participated in interviews with Cassondra Morris, Psy.D., Forensic Psychologist ("Dr. Morris"), and Abigail Farfan, M.S., Psychology Intern. (Filing No. 51 at 5). Mr. Wright was diagnosed with "Schizophrenia, currently in partial remission" and "Unspecified other (or unknown) substance-related disorder." *Id.* at 12.

According to Dr. Morris, critical to Mr. Wright's restoration services was his compliance with prescribed psychotropic medications. During the evaluation period, Mr. Wright was enrolled in Competency Restoration Group ("CRG"), an educational/instructional group aimed at increasing pretrial inmates' understanding of the legal process, courtroom procedures, and roles and functions of the courtroom participants. *Id.* Topics included an overview of the legal system and courtroom personnel, working with your attorney, the role of the defendant, basic legal vocabulary, trial process, and rational decision-making. *Id.* Mr. Wright attended six of the ten CRG sessions offered. *Id.* He was noted to be attentive, engaged, and actively participating in the group discussions and he provided appropriate and thoughtful responses to the questions being asked during the group sessions. *Id.*

At the end of the evaluation period, Dr. Morris noted that Mr. Wright was no longer observed to be distracted by or responding to internal stimuli and he did not express delusional ideation. *Id.* 12. Mr. Wright's thought process was more organized, resulting in improved ability to effectively communicate with others. *Id.* He was able to participate in an interview focused on gathering

psychosocial information, and on July 24, 2026, he was administered the Revised-Competency Assessment Instrument. *Id.* Mr. Wright demonstrated a good factual and rational understanding of the nature and consequences of the legal proceedings, exhibited an adequate understanding of the charges against him, the roles of courtroom personnel, available plea options, courtroom procedures, and the potential outcomes of his case. *Id.* at 15. He also demonstrated the ability to reason about legal decisions, discuss realistic defense strategies, and appreciate the strengths of the government's case. *Id.* Furthermore, he expressed confidence in his attorney, demonstrated an understanding of attorney-client confidentiality, and indicated a willingness to work collaboratively with counsel in preparing his defense. *Id.*

Dr. Morris opined that,

> Although Mr. Wright is diagnosed with a severe mental disease, specifically schizophrenia, his symptoms are currently well-managed by his psychotropic medication regimen. Though it is ultimately a decision for the Court, it is our opinion Mr. Wright is presently able to understand the nature and consequences of the proceedings against him and assist properly in his defense. Considering this information, it is our opinion Mr. Wright is competent to stand trial.

*Id.* at 16. Dr. Morris further opined that,

> Mr. Wright's competency is contingent on the continued and consistent compliance with his current medication regimen. His current mental status is such that his symptoms of psychosis are in partial remission; however, should he have a disruption in his medication regimen, it is likely his mental status will become significantly compromised, such that his competency-related abilities will deteriorate. Should he remain medication compliant, his prognosis is good.

*Id.*

Finally, Dr. Morris opined that Mr. Wright is ready to be returned to the referring district and it should be noted that universal precautions and periodic mental status assessments by mental health professionals are required during periods of transport and holdover of all Federal adults in custody. Dr. Morris strongly recommended that Mr. Wright continue to be prescribed and continue to take his psychotropic medications as prescribed. *Id.* at 16–17.

## III. CONCLUSIONS OF LAW

When the director of the facility in which a defendant is hospitalized pursuant to subsection 18 U.S.C.§ 4241(d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. 18 U.S.C.§ 4241(d). The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. *Id.* The court shall hold a hearing, conducted pursuant to the provisions of 18 U.S.C.§ 4247(d), to determine the competency of the defendant. *Id.* If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings. 18 U.S.C.§ 4241(e).

The procedures and tests for evaluating competency are codified at 18 U.S.C. § 4241. *United States v. Wessel*, 2 F.4th 1043, 1053 (7th Cir. 2021). The standard for competence to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). The relevant factors to be considered in assessing the issue of competency are a defendant's "irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial. There must be some manifestation, some conduct, on the defendant's part to trigger a reasonable doubt of his competency." *Matheney v. Anderson*, 60 F. Supp. 2d 846 (N.D. Ind. 1999) (citation modified), *aff'd and remanded*, 253 F.3d 1025 (7th Cir. 2001).

The fact that a person suffers from a mental illness does not mean that he is incompetent to stand trial. *Drope v. Missouri*, 420 U.S. 162, 171–72 (1975); *Price v. Thurmer*, 637 F.3d 831, 833–34 (7th Cir. 2011). He need only be able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in certain critical decisions, such as whether to appeal. *Id.* Effective ability to consult with counsel requires a capacity to work on a cooperative basis with counsel, to communicate relevant information to counsel, to understand counsel's communications, to evaluate counsel's advice, and to make decisions regarding the exercise of legal rights. *Martin v. Estelle*, 546 F.2d 177, 180 (5th Cir. 1977).

The testimony of defendant's counsel may be especially valuable in a competency determination because counsel is the *best witness* of a defendant's ability to consult with a reasonable degree of understanding. *U.S. ex rel. Mireles v. Greer*, 736 F.2d 1160, 1165–66 (7th Cir. 1984). The Government bears the burden of proving that a defendant is competent to stand trial. *United States v. Teague*, 956 F.2d 1427, 1432 n. 10 (7th Cir. 1992).

## IV. ORDER

Acting Warden Posthumus has issued a Certificate of Competency to Stand Trial stating;

> This is to certify that Arrington Wright, Register Number 662168-511, is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. This certification is made and filed with the Clerk of the Court pursuant to Title 18, United States Code 4241(e).

(Filing No. 51 at 3).

Dr. Morris opines that Mr. Wright does not presently suffer from a severe mental disease or defect which has had a significant impact on his competency-related capacities. Dr. Morris' opinion—to a reasonable degree of scientific certainty—is that Mr. Wright understands the nature of the proceedings against him and can assist his attorney in his defense. The Government and Mr. Wright's counsel agree with Dr. Morris' opinions.

At the hearing, Mr. Wright's counsel confirmed on the record that Mr. Wright has been able to communicate well, understands the role of the parties, and can now assist in his defense. The Court observed Mr. Wright's demeanor in the courtroom and was able to communicate with him. He was polite, attentive, and responded appropriately to the Court's questions. Despite Mr. Wright's mental illness, he appears to understand the nature of the proceedings, and is presently able to assist in his defense.

After weighing the evidence, the diagnoses and opinions of Dr. Morris, as well as its own observations, the Court determines that Mr. Wright has a rational as well as factual understanding of the proceedings against him and the present mental ability to consult with his attorney with a reasonable degree of rational understanding. Accordingly, the Court concludes that Mr. Wright is presently competent to assist in his defense and proceed with this case. Pursuant to 18 U.S.C. § 4241(e), Mr. Wright is **ORDERED DISCHARGED** from the facility, and the matter can proceed to trial or change of plea.

On September 11, 2026, following the evidentiary hearing, Mr. Wright filed a Petition to Enter Plea of Guilty and Plea Agreement (Filing No. 52). Accordingly, the **October 28, 2026** final pretrial conference and **November 16, 2026** trial by jury are **VACATED**.

A scheduling Order will be entered separately.

**SO ORDERED**:

Date: September 14, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Edward Matthew Barloh
DOJ-USAO
matt.barloh@usdoj.gov

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org